

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00099-CR

MELVIN GLENN CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 22,021-C, Honorable Ana Estevez, Presiding

September 27, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Melvin Glenn Carter appeals from his jury conviction of the offense of evading arrest with a motor vehicle[1] and the resulting sentence of two years of imprisonment in a state jail facility and a $2500 fine. Through one issue, appellant contends the trial court erred by admitting into evidence a video showing the lighting "pursuit package" on a patrol car. We will affirm.

---

[1] Tex. Penal Code Ann. § 38.04 (West 2011).

## Background

Appellant was charged via indictment with the offense of evading arrest with a motor vehicle. He plead not guilty and the matter was tried to a jury. Appellant does not challenge the sufficiency of the evidence supporting his conviction so we will relate only those facts necessary to a disposition of his issue on appeal.

An Amarillo police captain, Jeff Lester, testified that he was driving an unmarked patrol car in the middle lane, and appellant was driving a Ford Taurus in the right lane, at an intersection that permits right turns from both lanes. Both made right turns but as they turned, Lester testified, appellant made an improper turn and crossed over into Lester's lane without signaling. Lester was forced to "slam on his brakes" and drive his car up onto the median to avoid a collision. He activated his lighting "pursuit package" and initiated a traffic stop. Appellant pulled into a side street and stopped, and Lester made contact. Lester was not in uniform but testified he identified himself as a police officer and showed his police badge and identification card that says "Police." While Lester was talking to him, appellant put the Taurus in gear and drove off. Lester returned to his car and followed appellant to an apartment complex. Appellant got out of his car and ran on foot. Lester and back-up officers were able to apprehend appellant. Appellant's theory at trial was he did not evade arrest by car because he did not know Lester was a police officer.

The jury found appellant guilty as charged in the indictment and punishment was assessed as noted. This appeal followed.

Analysis

In appellant's sole issue on appeal, he challenges the trial court's admission into evidence of a four-minute video showing the lighting "pursuit package" on the unmarked police vehicle.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex.Crim.App. 2005). An appellate court will not disturb the trial court's decision if the ruling is "within the zone of reasonable disagreement." *Bigon v. State,* 252 S.W.3d 360, 367 (Tex.Crim.App. 2008); *Montgomery v. State,* 810 S.W.2d 372 (Tex.Crim.App. 1991) (op. on reh'g).

Prior to trial, the trial court held a hearing on appellant's motion in limine to determine the admissibility of the video of the lighting "pursuit package" on the patrol car. Captain Lester testified at the hearing that when he stopped appellant, he was driving a 2008 Ford Crown Victoria that was equipped with a "pursuit package," consisting of a light bar in the top interior of the windshield facing forward, lights in the grill, a strobe light in the corner of all vehicle lights, and lights in the rear deck of the rear windshield facing backward.[2] Lester identified a compact disk of a four-minute video showing the lights from all four sides of the vehicle, both off and on. He testified the video was taken on the Friday before the hearing and accurately reflected the lights on the vehicle as used when he attempted to apprehend appellant in October 2010. He further testified the equipment used to make the video was capable of making an

_____

[2] The trial court ordered the video to be redacted to remove any portion showing the back of the patrol car because appellant could not have seen the car from the rear.

3

accurate recording and that the person taking the video, a Special Crimes Unit officer, had sufficient knowledge to make an accurate recording.

The trial court overruled each of appellant's objections to its admissibility and the video was shown to the jury.

On appeal, appellant argues the trial court erred by admitting the video because it served only to improperly bolster the officer's testimony and was therefore more prejudicial than probative. Appellant contends the disputed issue at trial was whether the officer displayed his badge and identified himself as a police officer when he approached appellant's car. The State argues appellant's defensive theory at trial was much broader in that he argued he did not know the officer was a police officer at all prior to his arrest. Thus, the State contends, the video was relevant to that broad defensive theory. We agree.

Rule 403 provides, in part, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Tex. R. Evid. 403. In reviewing the trial court's determination under rule 403, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State,* 991 S.W.2d 841, 847 (Tex.Crim.App. 1999).

The record reflects the State played the video to illustrate to the jury the lighting "pursuit package" Lester testified was in place on his unmarked vehicle when he stopped appellant. Appellant did not seek a limiting instruction regarding the video, and

was permitted to thoroughly cross-examine the officer concerning his testimony and the video, and the trial court redacted a portion of the video.

Our review of the record reflects appellant's defensive theory that he was unaware Captain Lester was a police officer. In counsel's opening statement, he told the jury the State has "to prove that [appellant] knew that Captain Lester was indeed a police officer…that is the main part of this case." He went on to say "I think that you will have to acquit my client of evading arrest by motor vehicle, because he didn't know Officer Lester was a police officer." Counsel cross-examined Lester concerning whether he had his patrol car lights on, whether he was in an unmarked car, whether he was in uniform, and whether he immediately identified himself as an officer when he approached appellant. All of these questions rather clearly pursued appellant's defensive theory that he had no idea Lester was a police officer. On this record, we cannot conclude the trial court erred in finding that the probative value of the video was not substantially outweighed by the danger of unfair prejudice, confusing the issues or misleading the jury.

We overrule appellant's sole issue on appeal and affirm the judgment of the trial court.

James T. Campbell<br>
Justice

Do not publish.